MONA LUCAS *v.* ROBERT RIORDAN ET AL.
(AC 20137)

Lavery, C. J., and Mihalakos and Shea, Js.

Argued January 18—officially released April 3, 2001

*Norman A. Pattis*, with whom, on the brief, was *John R. Williams*, for the appellant (plaintiff).

*Robert E. Young*, with whom, on the brief, were *James N. Tallberg* and *Barbara A. Frederick*, for the appellees (defendants).

*Opinion*

LAVERY, C. J. The plaintiff, Mona Lucas, appeals from the judgment of the trial court granting the motion of the defendants, Robert Riordan and Steve Wydra, to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. On appeal, the plaintiff claims that the court improperly concluded that it lacked jurisdiction over the case because of her failure to exhaust her administrative remedies before filing the action. We agree with the plaintiff and reverse the judgment of the trial court.

According to the allegations of the plaintiff's complaint, which for purposes of this appeal we assume to be true,[1] the plaintiff was, at the time of the events

---

[1] See *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 409, 722 A.2d 271 (1999).

giving rise to this action, a police officer in the Milford police department (department). Throughout her tenure as an officer, the plaintiff has enjoyed a reputation as an honest and honorable police officer. On November 24, 1998, the defendants[2] alleged to the chief of the department that the plaintiff was a thief. As a result of this allegation, the department conducted an intensive investigation, eventually concluding on January 22, 1999, that the plaintiff had not engaged in any wrongdoing.

The plaintiff thereafter brought this action against the defendants on May 4, 1999, alleging slander, intentional infliction of emotional distress and negligent infliction of emotional distress. On June 24, 1999, the defendants moved to dismiss the plaintiff's entire complaint on the ground of lack of subject matter jurisdiction, alleging that because the plaintiff had failed to file a grievance under her collective bargaining agreement or to seek arbitration of the dispute, she had failed to exhaust her administrative remedies, thus depriving the court of jurisdiction over her complaint. On September 2, 1999, the court granted the defendants' motion to dismiss, finding that because the plaintiff had failed to pursue the administrative remedy provided by the grievance process before resorting to the courts, the court lacked subject matter jurisdiction over the complaint. This appeal followed.

"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without

---

[2] The defendants are also officers in the Milford police department.

jurisdiction. . . . Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim. . . . We first note that, because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citations omitted; internal quotation marks omitted.) *Hyllen-Davey* v. *Plan & Zoning Commission*, 57 Conn. App. 589, 592, 749 A.2d 682, cert. denied, 253 Conn. 926, 754 A.2d 796 (2000).

The defendants argue before this court that the trial court properly found that the plaintiff had not exhausted her administrative remedies because the collective bargaining agreement under which the plaintiff is employed by the department includes a procedure for resolving grievances. That procedure, contained in article XII of the collective bargaining agreement, includes, in § 1 (a), a definition of a grievance.[3] We consider this definition as a statement by the parties of the issues that the grievance process covers. Thus, by implication, all other issues are not covered.

The plaintiff, in her memorandum in opposition to the defendants' motion to dismiss, unequivocally set forth the parameters of her complaint. She claimed that "[s]he [did] not sue her employer; she [did] not sue any supervisor. Indeed, the plaintiff was treated with complete fairness by her supervisors throughout the entire course of this process." This statement makes

---

[3] The collective bargaining agreement provides in relevant part:

"a. Definition of a grievance shall be as follows:

"1. Discharged, suspension or other disciplinary action or any other reduction in grade or rank.

"2. Charge of favoritism or discrimination.

"3. Interpretation and application of rules and regulations and policies of the Police Department.

"4. Matters relating to the interpretation and application of the articles and sections in this agreement."

clear that, far from having a grievance against the department, she was quite satisfied with the manner in which it handled the allegations made against her by the defendants. The department took no disciplinary action against her, she makes no charge of favoritism or discrimination in her complaint, and her complaint makes no mention of a dispute concerning the application and interpretation either of department policies or of the collective bargaining agreement. Only the defendants raise the collective bargaining agreement in this case in their motion to dismiss the plaintiff's complaint.

The record indicates that the plaintiff and the defendants are engaged in a private dispute. The defendants, in their argument to this court, emphasize the fact that this entire controversy began with a dispute about the cost of breakfast items obtained by the plaintiff. While interesting, that dispute does not change the current character of the case. The plaintiff does not bring this action because of that dispute, but because of the defendants' alleged overreaction to that dispute. There are instances too numerous to mention here where civil litigation has ensued, involving large amounts of money, as the result of events that, at their inception, involved matters very small indeed. The old story of how "the kingdom was lost, all for the want of a two-penny nail" is a classic example of this.

The controversy here centers around whether the defendants defamed the plaintiff and, either intentionally or negligently, inflicted emotional distress upon her. That the parties are all police officers employed by the same municipality does not change the nature of the controversy. It is also irrelevant to this case that the department has in place a grievance procedure by which employees may have grievances concerning their employment adjudicated without resort to the courts. The controversy in this case is not of that kind, and thus the grievance procedures do not apply to it.

Because we disagree with the trial court's conclusion that the grievance procedures governed this case and because the court based its dismissal of the plaintiff's complaint on that conclusion, the complaint must be reinstated.

The judgment dismissing the plaintiff's complaint is reversed, and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.