COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES *v.* HUMAN RIGHTS
REFEREE OF THE COMMISSION
ON HUMAN RIGHTS AND
OPPORTUNITIES ET AL.
(AC 20352)

Landau, Mihalakos and Dupont, Js.

Argued July 11[1]—officially released October 9, 2001

[1] This case was first argued on June 4, 2001. After argument, counsel for one of the parties advised this court that a member of the panel had a potential conflict of interest. The panel was reconfigured, and the case was argued before the new panel on July 11, 2001.

*Charles Krich*, with whom, on the brief, was *Philip A. Murphy, Jr.*, commission counsel, for the appellant (plaintiff).

*Natasha M. Lipcan*, with whom, on the brief, was *Daniel L. Schwartz*, for the appellee (defendant Olsten Services, Inc.).

*Opinion*

LANDAU, J. The plaintiff, the commission on human rights and opportunities (commission), appeals from the judgment of the trial court rendered following the granting of the motion of the defendant Olsten Services, Inc. (Olsten),[2] to dismiss the commission's administrative appeal for lack of subject matter jurisdiction due to the commission's failure to exhaust administrative remedies. On appeal, the commission claims that (1) the court improperly concluded that it was required to exhaust administrative remedies and (2) its appeal was taken from a final decision of the hearing referee. We agree with the commission's first claim and, therefore, do not address its second claim.[3] We reverse the judgment of the trial court.

---

[2] The other defendants are the named defendant, Lacey Manufacturing Company and Kim Brown. On appeal, only Olsten filed a brief.

[3] In its brief, the commission argues that its administrative appeal was taken from a final decision of the referee and that, therefore, the trial court has jurisdiction over the appeal pursuant to General Statutes § 4-183 (a). Section 4-183 (a) provides in relevant part that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ." Because we conclude that the trial court had jurisdiction over the appeal pursuant to General Statutes § 4-183 (b), which provides for an

The following facts and procedural history are relevant to the issues raised on appeal. Olsten, a temporary employment agency, employed the defendant Kim Brown and assigned her to work at the defendant Lacey Manufacturing Company (Lacey). Brown was on assignment at Lacey for thirty-six weeks until she was terminated by Olsten.[4] On August 4, 1998, Brown filed an employment discrimination complaint with the commission, alleging that Lacey had discriminated against her on the basis of her race, color, sex and age. On September 9, 1998, Brown amended her complaint to add Olsten as a respondent.

Olsten did not respond to Brown's complaint and, on, December 29, 1998, the acting executive director of the commission entered an order of default against Olsten and scheduled a hearing in damages. At the hearing in damages, the commission's presiding human rights referee, the named defendant (referee), granted Olsten's motion to open the order of default and remanded the complaint to the investigative unit of the commission for further proceedings.

In its administrative appeal to the Superior Court, the commission claimed that the referee exceeded her authority by opening the default order of its acting executive director.[5] Olsten filed a motion to dismiss the appeal for lack of subject matter jurisdiction on the grounds that the commission did not exhaust its administrative remedies and the exceptions to the exhaustion

---

interlocutory appeal from an agency decision, we need not decide whether the referee's order was a final decision.

[4] Olsten terminated Brown at the request of Lacey.

[5] General Statutes § 46a-83 (i) provides in relevant part: "The executive director of the commission . . . may enter an order of default against a respondent (1) who, after notice, fails to answer a complaint . . . . Upon entry of an order of default, the executive director . . . shall appoint a presiding officer to enter, after notice and hearing, an order eliminating the discriminatory practice complained of and making the complainant whole. . . ."

requirement did not apply. The court agreed with Olsten and granted the motion to dismiss. The commission filed a motion to reargue, which the court denied. This appeal followed.

We first set forth our standard of review. "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lucas* v. *Riordan*, 62 Conn. App. 566, 568–69, 771 A.2d 270 (2001).

The commission initially claims that the court improperly concluded that it was required to exhaust its administrative remedies. More specifically, the commission claims that it need not exhaust its administrative remedies because pursuit of an administrative remedy would be useless. We agree.

" 'It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction.' " *Johnson* v. *Dept. of Public Health*, 48 Conn. App. 102, 110, 710 A.2d 176 (1998). General Statutes § 4-183 (b) provides that "[a] person may appeal a preliminary, procedural or intermediate agency action or ruling to

the Superior Court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy." General Statutes § 4-183 (b) reflects the principle that the exhaustion of administrative remedies is a prerequisite to the Superior Court's jurisdiction absent exceptional circumstances. *Doe* v. *Dept. of Public Health,* 52 Conn. App. 513, 519, 727 A.2d 260, cert. denied, 249 Conn. 908, 733 A.2d 225 (1999); *Johnson* v. *Dept. of Public Health,* supra, 112. "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely. . . . Moreover, the doctrine of exhaustion of remedies does not apply in situations where pursuit of the administrative remedy would be useless. *Maresca* v. *Ridgefield,* 35 Conn. App. 769, 773, 647 A.2d 751 (1994)." (Citation omitted; internal quotation marks omitted.) *O'Halloran* v. *Charlotte Hungerford Hospital,* 63 Conn. App. 460, 464–65, 776 A.2d 514 (2001). For the reasons detailed in this opinion, the exhaustion doctrine does not apply because the commission will be aggrieved by the final decision of the agency and the pursuit of an administrative remedy would be useless.

On remand, the investigator would be required to "make a finding of reasonable cause or no reasonable cause . . . that a violation of section 46a-64c has occurred . . . ." General Statutes § 46a-83 (d). If the investigator makes "a determination that there is reasonable cause to believe that a discriminatory practice has been or is being committed as alleged in the complaint, an investigator shall attempt to eliminate the practice complained of . . . ." General Statutes § 46a-83 (f). Where "the investigator fails to eliminate the discriminatory practice complained of . . . he shall, within ten days, certify the complaint and the results of the investigation to the executive director of the

commission and to the Attorney General." General Statutes § 46a-84 (a). "[T]he executive director of the commission . . . shall appoint a hearing officer, hearing adjudicator or human rights referee to act as a presiding officer to hear the complaint or to conduct settlement negotiations . . . ." General Statutes § 46a-84 (b).

Upon hearing the complaint, if "the presiding officer finds that a respondent has engaged in any discriminatory practice, the presiding officer shall state his findings of fact and shall issue and file with the commission and cause to be served on the respondent an order requiring the respondent to cease and desist from the discriminatory practice and further requiring the respondent to take such affirmative action as in the judgment of the presiding officer shall effectuate the purpose of [the commission]." General Statutes § 46a-86 (a). If, however, the investigator issues a finding of no reasonable cause, the complaint may be dismissed. General Statutes § 46a-83 (e).

In short, on remand, the complaint will be resolved on its merits. The court, in its memorandum of decision on Olsten's motion to dismiss, concluded that on remand the investigation and adjudication of the complaint could put the commission in the same position that it was in at the time that its acting executive director entered the default order. The commission, however, is neither the complainant nor a respondent in the underlying matter and disposition on the merits cannot make the commission whole. In its administrative appeal, the commission challenged the referee's authority to open the default judgment entered by its acting executive director.[6] The commission's concern

---

[6] The defendant cites *Johnson* v. *Dept. of Public Health*, supra, 48 Conn. App. 109–11, for the proposition that exhaustion is required even in cases where an agency's authority has been challenged. While we agree that generally exhaustion is required where an agency's authority has been challenged, we reject the implication that the general rule vitiates the exception carved out by § 4-183 (b). *Johnson* itself cites to § 4-183 (b) as authority for allowing interlocutory appeals of administrative actions. Id., 112–13.

in its administrative appeal is with the process of adjudication of the complaint, not with the merits of the complaint. Therefore, even if a remand results in a hearing in damages for the complainant, thereby putting her in the same position as she was in at the time that the default order was issued, the commission would still suffer harm, as default judgments entered by its executive director would still be subject to review by its referees. Because the commission will be aggrieved by the agency's final decision and it does not have an adequate remedy via the administrative process, the court improperly dismissed its administrative appeal for failure to exhaust administrative remedies.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.