COTTMAN TRANSMISSION SYSTEMS, INC. *v.*
HOCAP CORPORATION
(AC 22054)

Lavery, C. J., and Mihalakos and West, Js.

Argued May 29—officially released August 20, 2002

*Kenneth A. Votre*, with whom were *Charlene A. Lynton* and, on the brief, *John-Henry M. Steele*, for the appellant (plaintiff).

*Salvatore C. DePiano*, with whom was *Jonathan J. Klein*, for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Cottman Transmission Systems, Inc., appeals from the trial court's judgment rendered in favor of the defendant, Hocap Corporation, after the court granted the defendant's motion to dismiss for lack of subject matter jurisdiction. On appeal, the plaintiff claims that the court improperly granted the defendant's motion on the basis of the court's conclusion that the plaintiff lacked standing to bring the breach of contract action that is at issue in this appeal. We agree with the plaintiff and conclude that because the plaintiff had standing, the court improperly granted the motion to dismiss for lack of subject matter jurisdiction. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.

The following facts are relevant to the plaintiff's appeal. The plaintiff franchises transmission repair centers by giving licenses to use Cottman trademarks and systems. On or about June 15, 1990, J.J. Russco Corporation (Russco) entered into a license agreement with the plaintiff, which permitted Russco to operate a Cottman Transmission Center on premises at 301, 309-323 North Avenue and 191 Front Street in Bridgeport (premises) that it had leased from Albert Waiksnis. Russco, as

lessee, entered into a ten year lease agreement with Waiksnis, as lessor, on or about June 15, 1990. The plaintiff was not a party to the lease. The same day, Russco, Waiksnis and the plaintiff executed a rider to the lease.[1] The lease rider gave the plaintiff a conditional assignment of the lease and provided that the lessor would give the plaintiff "twenty (20) days prior written notice of its intention to re-enter and [repossess] the premises and to cancel the Lease on account of LESSEE'S default of any of the terms, conditions or provisions thereof." The plaintiff then would have the twenty day notice period to "cure such default or otherwise exercise its rights" under the conditional assignment. The lease rider provided that to perfect its conditional assignment, the plaintiff was required to terminate its license agreement with Russco and to exercise its option to assume the lease within twenty days thereafter. Russco's consent to the plaintiff's assumption of the lease was subject to certain conditions precedent, including the payment of any rental arrearages, the curing of any other default or breach and the payment of an additional one month's rent as added security.

In July or October of 1996, Waiksnis sold to the defendant the property that was the subject of the lease. The defendant purchased the property subject to the terms of the lease and lease rider, and, thereby, became the lessor of the property. On November 5, 1996, the defendant, pursuant to the terms of the lease and rider, sent notice to the plaintiff of its intention to reenter and repossess the premises due to Russco's default. Both parties agree that as a result of the notice, the plaintiff had twenty days, or until November 27, 1996, to perfect its conditional assignment by curing Russco's defaults

---

[1] The lease and lease rider are both dated June 15, 1990. The lease recites that the lessor and lessee will execute and become parties to the lease rider simultaneously with the lease.

and satisfying the other conditions necessary to perfect the assignment.

The plaintiff alleges that the defendant, during the twenty day option period, entered onto and repossessed the premises and changed the locks. The plaintiff further asserts that it intended to accept the conditional assignment and take possession of the premises with one of its franchisees, Joe Josko, as the new owner-operator, but that by the time it was able to get Josko into the premises to inspect them on November 25, 1996,[2] the defendant had gutted the building by removing all of the lessee's equipment and inventory and making modifications to the building, including removing walls and eliminating offices and bathrooms. The plaintiff contends that the defendant's actions, during the plaintiff's twenty day option period, rendered the leased premises unfit for use as a transmission repair center and constituted an anticipatory breach of its contract rights under the lease and rider.

Upon learning of the defendant's extensive modifications to the leased premises, the plaintiff did not perfect its assignment of the lease, but instead filed a wrongful entry and detainer action, pursuant to General Statutes § 47a-43 et seq. That case was tried to the court, *Stevens, J.*, which rendered a decision on June 6, 1997. Judge Stevens found that although the plaintiff had the legal right to assume Russco's responsibilities and acquire possession of the property, the plaintiff did not obtain actual physical possession of the property. Because relief under Connecticut's forcible entry and detainer statute is available only to plaintiffs in actual physical possession of property, the court concluded that the

[2] The plaintiff alleges that it was delayed in getting Josko into the premises to inspect them because the defendant had repossessed the premises and changed the locks. The plaintiff also asserts that it had notified the defendant, prior to the expiration of its twenty day option period, of its intention to assume the lease.

plaintiff could not obtain relief on a claim of forcible entry and detainer. Judge Stevens also concluded that the plaintiff had other remedies available to it for any claims that the defendant had breached the lease agreement or unlawfully held possession of the property.[3]

In March, 1998, the plaintiff brought this action against the defendant on a single count of breach of contract. Shortly before the case was to be tried, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. The defendant argued that because the plaintiff never acquired assignee status by fulfilling the conditions necessary to exercise its option, the plaintiff lacked standing to bring the present action. The court found that the plaintiff did not perfect its rights under the conditional assignment of the lease and granted the defendant's motion to dismiss. This appeal followed.

On appeal, the plaintiff argues that the court improperly granted the defendant's motion on the basis of the court's conclusion that the plaintiff lacked standing to bring the case. We agree.

"A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary

---

[3] In his memorandum of decision, Judge Stevens stated: "[The defendant] has failed to explain satisfactorily why these actions took place before November 27, 1997, without the permission of either Russco or the plaintiff, especially when the plaintiff unquestionably retained the right to cure the default and assume the lease until that time. Although there were days when the business was not operating at the site, it is clear that the plaintiff, as well as Russco, desired and intended to continue their possession of the premises and fully resume the business activities, either through Russco's efforts or through some other operator. They neither abandoned nor intended to abandon the property. [The defendant] cannot fault [the plaintiff] for failing to cure the defaults and assume the lease obligations in the face of [the defendant's] own anticipatory breach, which destroyed the object of the agreement itself."

and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citation omitted; internal quotation marks omitted.) *Stepney Pond Estates, Ltd.* v. *Monroe*, 260 Conn. 406, 417, 797 A.2d 494 (2002).

"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410–11, 722 A.2d 271 (1999). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Human Rights Referee*, 66 Conn. App. 196, 199, 783 A.2d 1214 (2001). Thus, "[w]here a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." (Internal quotation marks omitted.) *Dime Savings Bank of Wallingford* v. *Arpaia*, 55 Conn. App. 180, 183, 738 A.2d 715 (1999).

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the

subject matter of the controversy." (Internal quotation marks omitted.) *Tomlinson* v. *Board of Education*, 226 Conn. 704, 717, 629 A.2d 333 (1993). "[S]tanding does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief." (Internal quotation marks omitted.) *Pinchbeck* v. *Dept. of Public Health*, 65 Conn. App. 201, 205, 782 A.2d 242, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001).

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action] . . . . Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action] . . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citation omitted; internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Orange*, 256 Conn. 557, 568, 775 A.2d 284 (2001).

In the present case, the defendant argues that the plaintiff lacks standing because the plaintiff never succeeded to the rights of the lessee by making the conditional assignment effective. The plaintiff, however, is not claiming that it has standing to sue as the lessee under the lease. Rather, the plaintiff's position is that under the lease and rider, it had a contractual right, once it received the defendant's notice of intent to reenter the premises, to a twenty day period in which to exercise its option to make the conditional assignment effective. The plaintiff argues that the defendant's action of alter-

ing the premises so as to make them unfit for the purpose of operating a transmission repair center destroyed the object of the agreement between the parties and constituted an anticipatory breach of contract.

"An anticipatory breach of contract occurs when the breaching party repudiates his duty before the time for performance has arrived. . . . Its effect is to allow the nonbreaching party to discharge his remaining duties of performance, and to initiate an action without having to await the time for performance. . . . The manifestation of intent not to render the agreed upon performance may be either verbal or nonverbal . . . and is largely a factual determination in each instance." (Citations omitted; internal quotation marks omitted.) *Pullman, Comley, Bradley & Reeves* v. *Tuck-It-Away, Bridgeport, Inc.*, 28 Conn. App. 460, 465, 611 A.2d 435, cert. denied, 223 Conn. 926, 614 A.2d 825 (1992). "Repudiation can occur either by a statement that the promisor will not perform or by a voluntary, affirmative act that indicates inability, or apparent inability, substantially to perform." *Gilman* v. *Pedersen*, 182 Conn. 582, 584, 438 A.2d 780 (1981).

The plaintiff has pleaded facts sufficient to allege a cause of action for anticipatory breach of contract. "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." (Internal quotation marks omitted.) *Berlin* v. *Santaguida*, 181 Conn. 421, 423–24, 435 A.2d 980 (1980). It is axiomatic that "an action upon a contract or for breach of a contract can be brought and maintained by one who is a party to the contract sued upon . . . ." 59 Am. Jur. 2d, Parties § 28 (1987); see also *Baxter* v. *Camp*, 71 Conn. 245, 248, 41 A. 803 (1898). In this case,

the plaintiff was a party to the lease rider and alleges a contractual right, pursuant to the lease and rider, to a twenty day option period in which to make the conditional assignment effective. That is sufficient to establish standing for a breach of contract action.

More specifically, applying the test for classical aggrievement, the first prong is met because the plaintiff alleges a specific, personal and legal interest in its contractual right to perfect its conditional assignment of the lease within the twenty day notice period. See *AvalonBay Communities, Inc.* v. *Orange*, supra, 256 Conn. 568. The second prong of the classical aggrievement test is met because, according to the plaintiff's allegations, it has been specially and injuriously affected by the defendant's premature entry into and alteration of the premises so as to make them unfit for the plaintiff's purpose, the operation of a transmission repair center. See id.

We conclude that the plaintiff has standing to maintain this action. The plaintiff alleged that by contract, it had a right to an option period in which to perfect its conditional assignment of the lease. The plaintiff further alleged that the defendant, by its conduct, repudiated its associated duty under the contract by altering the leased premises so as to make them unfit for the plaintiff's purposes. Thus, the plaintiff has alleged a legal interest and harm to that interest. Because the plaintiff has standing to maintain the present action, the court improperly granted the defendant's motion to dismiss for lack of subject matter jurisdiction.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.