[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Goodspeed Airport, LLC, Timothy Evans, and Timothy Mellon, move to dismiss the two count complaint filed by James Ventres, the duly appointed enforcement officer for the East Haddam Inland Wetlands Commission (Commission). On September 9, 2002, the court heard argument on this motion and dismissed the second count of the complaint from the bench. This memorandum, therefore, only addresses the issues pertinent to the motion to dismiss the first count.
That count alleges, inter alia, that, between December 5 and 11, 2000, Evans, at the direction of Mellon, who owns and manages the Goodspeed Airport, clear-cut trees and shrubs from 4.8 acres of land owned by the airport, the Nature Conservancy, and the East Haddam Land Trust; and that such clear-cutting, without prior approval from the Commission, violated the East Haddam Inland Wetlands regulations. The plaintiff seeks injunctive relief, civil fines, and attorney's fees.
The movants contend that Ventres lacks standing to bring this litigation and that federal law preempts local regulations stripping this court of subject matter jurisdiction to hear and determine this case.
 I STANDING
A lack of standing to sue by the plaintiff implicates the subject matter jurisdiction of the court to decide the controversy. Steeneck v.University of Bridgeport, 235 Conn. 572, 580 (1995).
General Statutes § 22a-44 (b) provides that those who violate municipal wetlands regulations are subject to specified civil fines and expressly confers upon the superior court "in an action brought by . . . any person," the "jurisdiction to restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or CT Page 11653 removed and to assess civil penalties. . . ." Costs and attorney's fees are also recoverable.
The movants argue that Ventres lacks standing to bring this action because the resolution of the Commission instructing him to commence this action was passed only with the participation of Commission members who were disqualified from voting by virtue of conflicts of interest and bias.
Section 22a-44 (b) contains no requirement that, before suit may be commenced, the local wetlands commission must pass a resolution to that effect. Assuming, arguendo, that the Commission's resolution was improperly enacted and a nullity, Ventres still possessed standing to pursue the matter. For purposes of § 22a-44 (b), "person" is defined, under General Statutes § 22a-38 (2), to mean "any person, firm, partnership, association, corporation, limited liability company, company, organization or legal entity of any kind, including municipal corporations, governmental agencies or subdivisions thereof"
The court discerns no reason why an inland wetlands enforcement officer cannot institute suit when "any person" can, without the necessity of a favorable resolution by the local wetlands agency. Because Ventres needed no prior approval from the Commission, he has standing despite any impropriety in the proceeding which resulted in the resolution.
 II PREEMPTION
The movants also argue that because federal law regarding airport airspace preempts local wetlands regulation, the court lacks subject matter jurisdiction to proceed. The court also rejects this argument.
Federal preemption may colorably provide a good defense to this action by showing that the regulations which were purportedly offended are inoperable in light of federal law. However, the existence of a bona fide defense fails to deprive the court of subject matter jurisdiction to resolve a claim. "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Cottman Transmission v. Hocap Corp., 71 Conn. App. 632, 637
(2002). (Emphasis added). If the dispute is one belonging to the class of cases over which the court has authority, then the court has subject matter jurisdiction to decide the matter. Id. Every presumption favoring jurisdiction must be indulged. Id. CT Page 11654
Clearly, the present litigation falls within the type or class of dispute over which the court has the power to decide because § 22a-44
(b) explicitly confers upon the superior court the jurisdiction to hear claims which seek to remedy inland wetlands regulation violations. The fact that the claimant may very well fail to establish such a claim is immaterial to the question of subject matter jurisdiction.
For these reasons, the motion to dismiss the first count is denied.
Sferrazza, Judge. CT Page 11655