[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
The defendants move to dismiss on the grounds that (1) the court lacks subject matter jurisdiction because the case is barred by the doctrine of sovereign immunity; (2) the plaintiff fails to exhaust his administrative remedies and (3) the court lacks personal jurisdiction because of insufficiency of process and insufficient service of process.
On April 29, 2002, the plaintiff,[1] Rodolfo Quinones, an inmate of the Connecticut department of correction, filed a complaint alleging that the defendants, the commissioner of correction and eight other department of correction officers, used unnecessary force on him while he was being escorted to segregation, that he was wrongfully given a disciplinary report for assaulting an officer and that there were procedural errors in the hearing afforded him. The plaintiff seeks relief by way of money damages, court costs and any other relief the court may deem reasonable and proper.
On June 10, 2002, the defendants filed a motion to dismiss the plaintiffs complaint and a memorandum in support thereof. The defendants move to dismiss on the grounds that (1) the court lacks subject matter jurisdiction because the case is barred by the doctrine of sovereign immunity; (2) the plaintiff failed to exhaust his administrative remedies and (3) the court lacks personal jurisdiction because of insufficiency of process and insufficient service of process. On August 12, 2002, the defendants filed a supplemental memorandum in support of their motion to dismiss.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Henriquezv. Allegre, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002). "It is well established that [i]n ruling upon whether a complaint survives a motion CT Page 14822 to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Ganim v. Smith Wesson Corp.,258 Conn. 313, 326, 780 A.2d 98 (2001). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Internal quotation marks omitted.) Pitruzello v. Muro, 70 Conn. App. 309, 312, 798A.2d 469 (2002).
 A Lack of Subject Matter Jurisdiction
The defendants first claim that the court lacks subject matter jurisdiction over the plaintiffs suit because the doctrine of sovereign immunity bars the plaintiffs action.
Practice Book § 10-31(a) states in relevant part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody. N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
"In Connecticut, we have long recognized the validity of the common-law principle that the state cannot be sued without its consent and that since the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." Horton v.Meskill, 172 Conn. 615, 623, 376 A.2d 359 (1977). "The doctrine of sovereign immunity does not mandate that all suits against government officers in either their official or individual capacities . . . must be barred." Fetterman v. University of Connecticut, 192 Conn. 539, 552,473 A.2d 1176 (1984). CT Page 14823
"In those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiffs right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine . . . In such instances, the need to protect the government simply does not arise and the government cannot justifiably claim interference with its functions. . . . Where [however] no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction." (Internal quotation marks omitted.) Shay v.Rossi, 253 Conn. 134, 169, 749 A.2d 1147 (2000).
In the present case, the plaintiff alleges in his complaint that unnecessary force was used against him while he was handcuffed and in leg restraints during a transfer from his cell to the segregation unit. In their memorandum in support of their motion to dismiss, the defendants contend that reasonable force was used to maintain order and discipline and that there are no factual allegations showing that the defendants' actions were outside of their statutory duty. This court finds that the plaintiff has sufficiently pleaded facts establishing that the defendants' actions were in excess of their statutory authority. Therefore, sovereign immunity does not bar this suit, and the defendants' motion to dismiss on this ground is denied.
 B Failure to Exhaust Administrative Remedies
The defendants next claim that the plaintiff failed to exhaust his administrative remedies and therefore move the court for a dismissal of the plaintiffs action.[2] "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. . . . The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (Internal quotation marks omitted.) Hartfordv. Hartford Municipal Employees Assn., 259 Conn. 251, 281, 788 A.2d 60
(2002). "Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiffs] claim." Lucas v. Riordan, 62 Conn. App. 566, 568-69,771 A.2d 270 (2001).
In the present case, the plaintiff submits various documents with his complaint establishing that he sought several administrative remedies CT Page 14824 following his disciplinary hearing on July 19, 2001, where he was found guilty of assaulting a department of correction officer. In his supplemental documentation, the plaintiff alleges the following sequence of events: On July 27, 2001, the plaintiff sent a letter to Peter Matos, deputy commissioner of the department of correction, appealing the disciplinary committee's decision. The plaintiff then received a letter dated August 2, 2001, from the acting deputy commissioner, Pamela Richards, informing him that he did not comply with the appropriate disciplinary review process.
In addition, the plaintiff claims that he received a letter dated August 6, 2001, from Brian Murphy, warden of the MacDougall — Walker Correctional Institution, informing him that his case was referred to him from Matos. Murphy reviewed the plaintiffs allegations and found that no process failure occurred and denied the plaintiffs appeal. The plaintiff also claims that he received a letter dated October 1, 2001, from Fred Levesque, director of offender classification and population management, stating that he refused to alter his decision to place the plaintiff in administrative segregation.
The court concludes that the plaintiff has exhausted all available administrative remedies. Accordingly, the defendant's motion to dismiss on this ground is denied.
 C Lack of Personal Jurisdiction
The defendants' final claim asserts that the court lacks personal jurisdiction because of insufficiency of process since the plaintiff failed to provide a recognizance or bond for prosecution of this civil action and insufficient service of process.
Pursuant to General Statutes § 52-185 (a), "if it does not appear to the authority signing the process that the plaintiff is able to pay the costs of the action should judgment be rendered against him, the plaintiff shall, before the process is signed, enter into a recognizance to the adverse party with a financially responsible inhabitant of this state as surety, or a financially responsible inhabitant of this state shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute his action to effect and answer all costs for which judgment is rendered against him."
"Where no recognizance appears the writ is defective and subject to a motion to dismiss. . . . This defect is, however, curable." Hesse v.CT Page 14825Vernon, Superior Court, judicial district of Tolland at Rockville, Docket No. CV 98 64546 (December 24, 1997, Klaczak, J.). Practice Book §8-5(b) provides that upon hearing the motion to dismiss, the court is permitted to direct "the plaintiff to file a bond to prosecute in an amount deemed sufficient by the [court]. . . ." See also General Statutes § 52-185 (d) and Practice Book § 8-5(b).
In the present case, the plaintiff fails to provide the proper recognizance or bond to pursue this action. Courts have determined that plaintiffs who are indigent or who are inmates are not exempt from filing the required bond to begin a cause of action. See Steinkamp v. Jacque,36 Conn. Sup. 37, 410 A.2d 489 (1979) (no waiver of bond for prosecution for indigent defendant); Fellows v. Williams, Superior Court, judicial district of Hartford, Docket No. CV 00 0800686 (September 27, 2000, Rittenband, J.) (no waiver of bond for prosecution for inmate). As this court has previously stated, however, "[w]hile the plaintiff is not exempt from filing a bond or a recognizance, the court does not have to dismiss his action. Instead, pursuant to Practice Book § 8-5(b), the court will determine the sufficient amount for the bond to be filed by the plaintiff. The plaintiff will have two weeks after the court enters its order for the amount for the bond to file the bond." Loughery v.Commissioner of Correction, Superior Court, judicial district of Hartford, Docket No. CV 01 0812161 (July 9, 2002, Hennessey, J.). In the instant case the court gives the plaintiff thirty days to file an affidavit detailing his financial status. The court will delay entering its judgment on the motion to dismiss for lack of recognizance until the plaintiff submits his affidavit.
In addition, the defendants claim that the plaintiff did not personally serve the defendants since the plaintiff is suing the defendants not only in their official capacity but also in their individual capacity. The defendants claim that the plaintiffs failure to comply with the proper service of process deprives the court of personal jurisdiction and is ground for dismissal of the plaintiffs action.
General Statutes § 52-57 provides that, except as otherwise provided, service of process on an individual must be made either by personal service or by leaving a true and attested copy thereof at the defendant's usual place of abode. Here, the marshal's return shows that personal service was made upon the defendants by service upon the assistant attorney general for the state of Connecticut, who is authorized to accept service for the defendants. This court finds that valid personal service upon the assistant attorney general pursuant to General Statutes § 52-57 established, prima facie, personal jurisdiction over the defendants. Accordingly, the defendants' motion to CT Page 14826 dismiss on this ground is denied.
 CONCLUSION
For the reasons stated, the defendants' motion to dismiss the plaintiffs action on the first two grounds is denied. Moreover, the defendants final claim that the court lacks personal jurisdiction for insufficient service of process is also denied. The court, however, reserves judgment on the defendants' claim for lack of recognizance or bond until the plaintiff submits his financial affidavit.
 ___________________ Hennessey, J.