[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION
The court certainly understands counsel's reason for filing a motion for articulation. The confusion may have arisen from the way the decision was written, but the court will try to excuse itself by saying that the law in this area is difficult, but also changing, so that it is hard, at least for this trial court, to predict whether any decision it arrives at will be upheld. The court thus tried to lay out all the various options raised by its decision so the parties could thereby protect their clients' interests.
What the court meant to say is that the defect here, in its opinion, is circumstantial and not jurisdictional. Given that view, the plaintiff need take no steps or it may file a simple motion to amend the process to add William Coburn's name on the summons.
It is true that in his opposition to the motion to dismiss, the plaintiff relied upon § 52-72, but our case law dictates that every presumption must be exercised in favor of jurisdiction, CottmanTransmission v. Ho Cap Corp. , 71 Conn. App. 632, 637 (2002), so the court felt obligated to deal with the jurisdictional attack first before getting to whether § 52-72 analysis was necessary which provides a remedy for "otherwise incurable defects that go to the court's jurisdiction." 1 Stephenson, Connecticut Civil Procedure, § 106 (2d ed.) pp. 478-79.
However, it is also true that in the light of the current state of appellate law, the court cannot predict whether its view that the defect here was circumstantial will be upheld by our appellate courts. That being the case, the plaintiff may decide that it is prudent to rely on the provisions of § 52-72. If the plaintiff does so, that will have the effect of "amending" the current summons by substituting a new one with both Donna and William Coburn's name on it. If the § 52-72 route is taken, the statute of limitation question arises. If the defect was circumstantial, it is difficult to see how a limitations question would CT Page 2287 be presented. Also, if the defect were found to be circumstantial by a reviewing court, it is difficult to imagine that the plaintiff would be prejudiced by using the § 52-72 procedure since it would merely serve as a glorified amendment of a document that did not have to, but could be, amended by adding the name of William Coburn.
If either of the parties wants reargument, I have already instructed the clerk's office to set the matter down for Tuesday, February 18, 2003, at 10:30 a.m. If this memorandum satisfies counsel's concerns then, of course, neither side will have to appear.
Corradino, J.
2/13/03 CT Page 2288