******************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************

APPENDIX

DAVID EICHLER *v.* HEALTHY MOM, LLC*

Superior Court, Judicial District of New Haven
File No. CV-18-6080162-S

Memorandum filed November 18, 2019

*Proceedings*

Memorandum of decision in plaintiff's action for breach of contract. *Judgment for the defendant.*

*Bruce L. Elstein*, for the plaintiff.

*Michael T. Cretella*, for the defendant.

*Opinion*

HONORABLE ANTHONY V. AVALLONE, JUDGE TRIAL REFEREE. This action arises from an alleged breach of contract on the part of the defendant, Healthy Mom, LLC. On April 25, 2018, the plaintiff, David Eichler, filed a complaint against Healthy Mom, LLC, alleging breach of contract on the ground that the defendant failed to pay a promissory note for $50,000 when it matured. The defendant responded to the plaintiff's complaint denying all allegations and asserting three special defenses: (1) the plaintiff's claim is barred by waiver, (2) the plaintiff's claim is barred by the statute of frauds, and (3) the plaintiff has failed to state a cause of action.[1]

## FACTS

The parties have stipulated to the following facts. On November 12, 2014, the plaintiff made a loan of $50,000 to the defendant, secured by a promissory note. The plaintiff is the holder of the note entitled "Series B Convertible Promissory Note." Although the note remains unsigned, the parties both agree to its validity. The plaintiff's note is one of a series of convertible promissory notes, totaling $258,000 in the aggregate.

On December 31, 2015, the plaintiff made a written demand for payment on the defendant, though the defendant did not reply. The plaintiff sent two additional written demand letters on January 26, 2016, and February 29, 2016. The plaintiff sent one final demand letter to the defendant on September 22, 2016. After the plaintiff's series of demand letters were sent to the defendant, "requisite noteholders" executed a series of extension agreements that extended the maturity date of the note to September 30, 2019.

## CONTENTIONS OF PARTIES

The plaintiff contends that the defendant is in default for the sum of $50,000 plus interest, as the defendant did not pay the plaintiff on demand. The plaintiff argues that this scenario was accounted for in the note, which allows the holder of the note to demand payment on the maturity date of the loan or on demand and default— whichever is earlier. Therefore, the plaintiff contends that the extension agreements have no impact on the maturity date of its note. The plaintiff further asserts that the defendant does not have standing to raise the rights of the requisite noteholders and argues that only the plaintiff and the defendant are bound to the note at issue in this action.

The defendant argues that the maturity date of the note has been correctly extended to September 30, 2019, the plaintiff has waived any "event of default" per the note, and the court should interpret the terms of the note via its express language. Accordingly, the plaintiff's argument that demand and default occurred prior to

the extension agreements fails, as the waiver of an occurrence of an event extinguishes contract rights therewith.

## DISCUSSION

The court first addresses the plaintiff's argument that the defendant lacks standing to raise rights dependent upon the acts of the requisite holders. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *Property Asset Management, Inc.* v. *Lazarte*, 163 Conn. App. 737, 745, 138 A.3d 290 (2016). Parties to a contract, generally, have standing to enforce it. See *Cottman Transmission Systems, Inc.* v. *Hocap Corp.*, 71 Conn. App. 632, 639, 803 A.2d 402 (2002) ("an action upon a contract or for breach of a contract can be brought and maintained by one who is a party to the contract sued upon" (internal quotation marks omitted)).

The plaintiff cites to *Elliott* v. *Bradley*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-10-6006695-S (June 11, 2012) (*Hon. Alfred J. Jennings*, judge trial referee), for the proposition that "one party has no standing to raise another's rights." In *Elliott*, the plaintiff sought to enforce a promissory note on the defendant in the amount of $100,000. Id. The promissory note listed "Theodore H. Elliott, Jr., P/S Plan U/A dated 12/09/1983 U/A 12/09/83 FBO Theodore H. Elliott, Jr.," as the holder of the note. Id. In that case, the court held that there were genuine issues of material fact "as to whether the plaintiff [was] a proper party, in his individual capacity, to bring suit to enforce the subject promissory note." Id. Specifically, the Superior Court noted that the parties never addressed the legal significance of the words after the plaintiff's name and found it unclear whether the plaintiff had standing as the holder of the note in his individual capacity. Id.

In the present case, the plaintiff entered into a written agreement with the defendant that expressly provides for amendment, waiver, or modification. The note provides that "[a]ny provision of this Note may be amended, waived or modified (a) upon the written consent of the Company and the Holder, or (b) upon the written consent of the Company and the Requisite Holders." The note defines requisite holders as "the holders of Series B Notes evidencing at least a majority of the aggregate principal amount of all Series B Notes then outstanding." The parties agree that the aggregate principal of the requisite holders is $138,000, more than 50 percent of the $258,000 balance. The ambiguity present

in *Elliott* is not present in the current action. It is clear from the note and the extension agreements that the defendant is a party to the contracts. Accordingly, the defendant has standing to raise the rights contained in the extension agreements.

Next, the court addresses the substance of the parties' arguments in light of the stipulated facts. The present inquiry is akin to a motion for summary judgment in the sense that no material facts are in dispute. "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 556, 791 A.2d 489 (2002). The parties have stipulated to the facts in this proceeding and, accordingly, the following inquiry is simply a matter of law for the court to decide. Although the parties agree to undisputed facts, the burdens are such that the plaintiff has the burden to prove demand and default, and the defendant has the burden as to the special defense of waiver. *U.S. Bank National Assn.* v. *Eichten*, 184 Conn. App. 727, 745, 196 A.3d 328 (2018) ("[t]he party raising a special defense has the burden of proving the facts alleged therein" (internal quotation marks omitted)).

"[A] promissory note is nothing more than a written contract for the payment of money. . . . [T]he fundamental rules governing contract law are applicable." (Citation omitted.) *Appliances, Inc.* v. *Yost*, 181 Conn. 207, 210–11, 435 A.2d 1 (1980). "It is well established that [p]arties are bound to the terms of a contract even though it is not signed if their assent is otherwise indicated." (Internal quotation marks omitted.) *Ullman, Perlmutter & Sklaver* v. *Byers*, 96 Conn. App. 501, 505–506, 900 A.2d 602 (2006). "[C]ontracts voluntarily and fairly made should be held valid and enforced in the courts." (Internal quotation marks omitted.) *Schwartz* v. *Family Dental Group, P.C.*, 106 Conn. App. 765, 773, 943 A.2d 1122, cert. denied, 288 Conn. 911, 954 A.2d 184 (2008).

"[W]hen interpreting a contract, [courts] must look at the contract as a whole, consider all relevant portions together and, if possible, give operative effect to every provision in order to reach a reasonable overall result." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Rehab Associates*, 300 Conn. 314, 322, 12 A.3d 995 (2011). "[W]e accord the language employed in the contract a rational construction based on its common, natural and ordinary meaning and usage as applied to the subject matter of the contract. . . . [If] the language is unambiguous, we must give the contract effect according to its terms. . . . [If] the language is ambiguous, however, we must construe those ambiguities

against the drafter." (Internal quotation marks omitted.) *EH Investment Co., LLC* v. *Chappo, LLC*, 174 Conn. App. 344, 358, 166 A.3d 800 (2017). "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Rund* v. *Melillo*, 63 Conn. App. 216, 220, 772 A.2d 774 (2001). Nevertheless, "[w]aiver is a question of fact." *Frantz* v. *Romaine*, 93 Conn. App. 385, 400, 889 A.2d 865, cert. denied, 277 Conn. 932, 896 A.2d 100 (2006).

The note at issue provides: "All unpaid principal, together with the balance of unpaid and accrued interest and other amounts payable hereunder, if not converted pursuant to the provisions of Section 4 or 5 below, shall be due and payable on demand at any time after the earlier of (i) December 31, 2015 (the 'Maturity Date'), or (ii) when such amounts are declared due and payable by the Holder upon or after the occurrence of an Event of Default . . . ." An event of default under the note includes the company's failure to pay "(i) when due any principal payment on the due date hereunder, or (ii) any interest or other payment required under the terms of this Note on the date due and such payment shall not have been made within fifteen (15) days of the Company's receipt of Holder's written notice to the Company of such failure to pay . . . ."

The parties stipulated to the fact that the plaintiff made demand for payment on December 31, 2015, January 26, 2016, February 29, 2016, and September 22, 2016. The parties also agree that the defendant and requisite holders executed a series of extension agreements which extended the maturity date of the note. The first extension agreement, dated December 30, 2015, extended the maturity date from December 31, 2015, to September 30, 2016. The second extension agreement, dated September 1, 2016, extended the maturity date from September 30, 2016, to September 30, 2017. The last extension agreement, dated August 1, 2018, extended the maturity date from September 30, 2017, to September 30, 2019.

The third extension agreement provides that "[t]his amendment shall constitute a waiver of any Event of Default under Section 2.1 of the Series B Notes occurring prior to September 30, 2018 and a waiver of any rights of any Holder under Section 3 of the Series B Notes with respect to same." The parties agreed in the original iteration of the contract that any provision of the contract could be waived, amended, or modified upon the consent of the company and requisite holders. See supra.

"Courts must always be mindful that parties are entitled to the benefit of their bargain, and the mere fact

[that] it turns out to have been a bad bargain for one of the parties does not justify, through artful interpretation, changing the clear meaning of the parties' words." (Internal quotation marks omitted.) *EH Investment Co., LLC* v. *Chappo, LLC*, supra, 174 Conn. App. 360. The plain language and ordinary meaning of the promissory note clearly shows that the parties agreed to allow amendment, modification, and waiver, by the consent of only the company and the requisite noteholders. Although the plaintiff may not have fully appreciated the impact of this provision at the time the contract was entered into, this does not change its present application. The information contained in the stipulation, along with the parties' attached exhibits, clearly shows that the facts in the present action are undisputed. The stipulated facts show that the defendant has established its special defense of waiver. Although the plaintiff, too, met its burden of proof by showing demand and default, the plaintiff's valid assent to waiver supplants that inquiry per the terms of the last extension agreement.

## CONCLUSION

Taking the contract as a whole and determining all provisions together, the maturity date was properly extended to September 30, 2019, and demand and default were properly waived under the terms of the note.

* Affirmed. *Eichler* v. *Healthy Mom, LLC*, 204 Conn. App.    ,    A.3d (2021).

[1] The parties' briefs only address the first special defense—waiver.