## ESTHER M. BAILEY ET ALS.
### (Appeal from Probate)
*vs.*
## ESTATE OF EMMA DICKINSON

Superior Court          Middlesex County          File No. 9101

### MEMORANDUM FILED OCTOBER 31, 1945

*Sydney Alderman* and *Joseph Weiner,* of New Haven, for the Plaintiffs.

*Thomas C. Flood,* of Middletown, for the Defendant.

COMLEY, J.   This is an appeal from a decree admitting a will to probate. The appeal is taken jointly by twelve heirs-at-law of the decedent. The order of the Court of Probate granting the appeal recites that "Esther M. Bailey, one of the heirs-at-law, having given a bond in the penal sum of One Hundred and Fifty Dollars (150.00) with sufficient surety to the State to prosecute such appeal to effect, said bond is approved (and) said appeal is allowed."

The defendant moves to erase the appeal on the ground that the giving of a bond by only one of the twelve plaintiffs is not a sufficient compliance with Section 4990 of the General Statutes, Revision of 1930, governing appeals from probate. This position would be sound, at least as to eleven of the plaintiffs, if their failure to furnish the bond made the appeal void as to them. Such an omission, however, only makes the appeal voidable and the defect may be waived.

"If the appellant is not a party aggrieved, or the cause is not, as to him, appealable, or the matter of the appeal is otherwise specially provided for by law, the appeal would be void. But the failure to give the bond, or to show upon the record that the appellant was aggrieved, or to give proper notice of the appeal, or to take it within the time for taking appeals, are irregularities which make the appeal voidable, not void, and are to be taken advantage of seasonably by a plea in abatement." *Fuller vs. Marvin,* 107 Conn. 354, 357. *See, also, Orcutt's* Appeal, 61 id. 378; *Curtiss vs. Beardsley,* 15 id. 518.

The same was true where a nonresident plaintiff failed to file a bond in an ordinary civil action, even prior to the enactment of Section 1409e of the 1939 Supplement to the General Statutes. *Morse vs. Rankin,* 51 Conn. 326; *Ormsbee vs. Davis,* 16 id. 567.

In the present case the defendant filed a plea in abatement on other grounds. He later withdrew the plea and has since filed his answer to the reasons of appeal so that the issues are now closed and the case is ready for trial. He has thus waived the defect in the bond and his motion to erase the appeal from the docket is, therefore, denied.