## Linda Steinkamp *v.* Nelson Jacque

Superior Court
Judicial District of Hartford-
New Britain at Hartford

Housing Session
File No. CV-H-7904-40-HD

Memorandum filed July 3, 1979

*Neighborhood Legal Services, Inc.,* for the plaintiff.

*Schatz, Schatz, Ribicoff & Kotkin,* for the defendant.

Spada, J.  This is an action wherein the plaintiff seeks damages from her former landlord for unlawful entry, detainer and conversion.  The defendant moved to dismiss the complaint on the ground that no bond for prosecution was provided.

The plaintiff, on April 5, 1979, filed an application for waiver of fees and payment of costs.  On April 9, 1979, this court ex parte, found that the plaintiff was indigent and ordered all fees, costs and the bond for prosecution waived.  The plaintiff's sole source of income is derived from the Connecticut department of income maintenance.  The defendant's request on April 25, 1979, for a bond for prosecution was rejected by the plaintiff.

The plaintiff's contention is that the court is empowered, under both the Practice Book and the common law, to order a waiver of the bond for prosecution. Practice Book, 1978, § 50. The defendant argues that the court is without authority to order a waiver because it is not specifically provided for either in the rules of practice or in the statutes. Moreover, waiver would subject defendants to frivolous complaints without the means to recover costs.

Although this court originally decided, ex parte, that the bond for prosecution ought to be waived, neither attorney, at argument, moved to disqualify the court.

The issue herein, one of fundamental significance, is whether an indigent plaintiff in a private civil lawsuit may be exempt from the filing of a bond for prosecution. Having researched the question, and having reflected on counsels' argument, this court reluctantly concludes that a bond for prosecution is required and cannot be waived by the court.

The key sections of the 1978 Practice Book requiring attention are §§ 50–54. Section 50 is entitled "Waiver of Court Fees and Costs." Although titles and chapter subdivisions are of less significance when the language of the act is clear and not subject to interpretation, the title of the act may, nevertheless, be considered in determining intent. *Algonquin Gas Transmission Co.* v. *Zoning Board of Appeals,* 162 Conn. 50, 55. Section 50 specifically provides, upon a showing of indigency, for a waiver of "court fees, costs and necessary court expenses." Nothing else is exempted from a plaintiff's obligation to abide by the procedures and requirements. The Practice Book embodies the rules of practice for the Supreme Court and for the

Superior Court. It is apparent that if the judges had intended to include the waiver of a bond for prosecution, they did not lack the opportunity to accomplish that end.

The provision for exemption from court fees, costs and court expenses is in harmony with *Boddie* v. *Connecticut*, 401 U.S. 371. In *Boddie*, a case of celebrated status, the plaintiff, a welfare recipient, had been denied access to the court because of an inability to pay court fees. In striking down the requirement of entry fees, the United States Supreme Court held that the due process clause of the fourteenth amendment required that the plaintiff be allowed access to the court to obtain a divorce.

The *Boddie* case dealt specifically with the issue of waiver of court fees. The majority opinion emphasized the fact that the holding was restricted to *Boddie* and that the decision did not mean that access to the courts was a guaranteed right to all individuals. A concurring opinion pointed out (p. 385) the advantage that an affluent person would have over an indigent where a case involved the posting of a bond for prosecution. Another concurrence suggested that the majority holding should not be restricted to divorce cases and should not be used as a means of refusing indigents' access to the courts.

Section 52-185 of the General Statutes governs the subject of bonds for prosecution. It is similar in content to § 51 of the Practice Book, and it provides for the dismissal of a complaint where a request for the filing of a bond is not complied with.

Section 52 of the 1978 Practice Book clearly provides that "no mesne process shall be issued until the recognizance of a third party for costs has been taken, unless the authority signing the writ shall

certify thereon that he has personal knowledge as to the financial responsibility of the plaintiff and deems it sufficient." Neither a recognizance nor a certification was furnished in the present case.

Section 53 of the 1978 Practice Book is similar in content to parts of § 52-185 of the General Statutes. Upon failure to provide a bond for prosecution, "the action shall be dismissed." That consequence is mandatory and not directory. Section 54 of the 1978 Practice Book, similar to General Statutes § 52-186, provides for a nonsuit or default where no bond has been given and the court finds that the plaintiff is "not able to pay the costs."

In *Meltzer* v. *C. Buck LeCraw & Co.*, 402 U.S. 954, the issue of allowing a waiver of a bond for prosecution was left unanswered when the United States Supreme Court denied certiorari. In submitting an opinion, one justice suggested (p. 960) that "citizens cannot be barred from their Courts because they are too poor to afford the required fees and bonds." The refusal to hear the *Meltzer* case lends further credence to the narrow holding of *Boddie* and can reasonably be interpreted to mean that the United States Supreme Court finds neither a denial of due process nor a denial of equal protection in requiring the furnishing of bonds for prosecution by indigent plaintiffs in private civil law suits.

In *United States* v. *Kras,* 409 U.S. 434, the court reversed a lower court holding that charging filing fees to an indigent in a voluntary bankruptcy proceeding was unconstitutional. The right to file a voluntary bankruptcy was not deemed a constitutionally protected right, notwithstanding the fact that bankruptcy privileges are enshrined in the constitution.

The present issue has been raised and answered in two Connecticut trial court decisions. In *Barton*

v. *Shea,* 4 Conn. Sup. 278, 279, the court held that the recognizance or certificate of financial responsibility is a condition precedent to the validity of the writ, and that it is within the power of the legislature to dispense with the formality. See also *Bailey* v. *Dickinson,* 13 Conn. Sup. 440.

The court is not unmindful of the onerous consequences that this decision may have for the present plaintiff and many others similarly situated. To bar access to the courts for failure to post a bond for prosecution is repugnant. It is, however, a subject matter properly within the province of the legislature.

The plaintiff submitted California authorities to support her contention. Even if the court were to defer to the California Supreme Court when it upheld the power of its trial courts to waive bond and fee requirements under the doctrine of common law; *Conover* v. *Hall,* 11 Cal. 3d 842; both the statutes and the Practice Book have expressly and explicitly refused the waiver of a bond for prosecution for an indigent litigant. In light of this overwhelming authority, the court is compelled to grant the defendant's motion.

Accordingly, the defendant's motion to dismiss the complaint is granted unless the plaintiff has, on or before July 31, 1979, filed a bond in the sum of $250.