******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERT M. BLOCH *v.* ANDREW ULLMAN ET AL.
(AC 37847)

Lavine, Alvord and Sheldon, Js.

*Argued April 13—officially released July 19, 2016*

(Appeal from Superior Court, judicial district of New Haven, Wilson, J.)

*Robert M. Bloch*, self-represented, the appellant (plaintiff).

*Irving H. Perlmutter*, self-represented, with whom,

on the brief, was *Andrew M. Ullman*, self-represented, the appellees (defendants).

*Opinion*

LAVINE, J. The self-represented plaintiff, Robert M. Bloch, appeals from the judgment of the trial court dismissing his action against the defendant attorneys, Andrew Ullman and Irving Perlmutter, on the ground that he failed to file a recognizance bond as required by General Statutes (Rev. to 2013) § 52-185.[1] The issue on appeal, as succinctly stated by the defendants,[2] is whether a judgment of dismissal properly entered against the plaintiff on December 9, 2014, when he failed to comply with the November 24, 2014 order of the court, *Wilson, J.*, that he file a recognizance bond for costs in accordance with Practice Book § 8-4[3] and General Statutes (Rev. to 2013) § 52-185 within two weeks.[4] We affirm the judgment of the trial court.

The record discloses the following facts. On August 14, 2014, the plaintiff filed an application, asking the court to waive the entry fee and service of process fee,[5] which was granted by the court, *A. Robinson, J.*, on August 18, 2014. On August 26, 2014, the plaintiff commenced the present action against the defendants.[6]

On or about August 28, 2014, Perlmutter sent the plaintiff a letter via first class and certified mail, in which he stated: "This will acknowledge receipt of your summons and complaint dated August 14, 2014.

"Pursuant to Section 8-3 (a)[7] of the Connecticut Superior Court Rules and Section 52-185 of the Connecticut General Statutes, you are required to furnish a bond for prosecution of your action. You have failed to do so and the summons contains no recognizance.

"In accordance with Practice Book § 8-7[8] you are hereby requested to furnish a recognizance signed by some financially responsible person as surety that you shall prosecute your action to effect and answer all damages if you do not make your plea good.

"You are required to either refuse this request or to file a satisfactory bond within a reasonable time after receipt of this request in accordance with the provisions of Practice Book Section 8-7." (Footnotes added.)

The plaintiff returned the summons and complaint to court on September 8, 2014. On October 7, 2014, pursuant to Practice Book § 10-30, the defendants filed a motion to dismiss the plaintiff's action with an accompanying memorandum of law. In their memorandum of law, the defendants stated that the plaintiff's action was returnable to court on October 7, 2014, and that the summons was signed by an assistant clerk of the Superior Court, permitting issuance of process. The memorandum continued: "On the summons form, in the space provided for statutory recognizance required by Section 52-185 et seq. of the Connecticut General Statutes, no one was recognized nor was there provided the necessary security for costs as required by [§] 52-185 . . . .

On August 28, 2014, in accordance with [Practice Book §] 8-7, the defendants requested that the plaintiff provide a recognizance for costs signed by some responsible person as provided by [§] 52-185 . . . . By reason of the failure of the [plaintiff] to respond to the request that he furnish security for costs as required by statute and rule [of practice], the defendants have filed a motion to dismiss this action in accordance with the provisions of [Practice Book §] 8-5 (a)."

The defendants acknowledged that Judge Robinson had approved the plaintiff's application to waive certain fees, but noted that the plaintiff had not requested a waiver of recognizance. The defendants argued that the court has no authority to waive the provisions of § 52-185, citing *Steinkamp* v. *Jacque*, 36 Conn. Supp. 37, 41, 410 A.2d 489 (1979). Moreover, the defendants argued that the plaintiff's cause of action will require substantial discovery, at least a deposition of the plaintiff, and a recognizance of $250 might not be sufficient to cover taxable costs. The defendants, therefore, requested a more substantial recognizance for costs.

On November 20, 2014, the plaintiff filed what the Superior Court clerk's office coded as a letter, which stated: "The summons I filed in [this case] was deficient in that it did not contain a recognizance bond. I wish that I had this pointed out and explained to me when I filed my summons and my complaint at the Court Clerk's Office on August 14, 2014. I am representing myself pro se and have limited Court experience in my background.

"I now believe I understand enough about the process and procedure to remedy the situation. As I understand it, from the Court Clerk, this requirement can be complied with by paying a $250 fee to the Court clerk and by signing a refiled summons document in the appropriate way.

"To comply with this, I have sold about one-half of my last remaining financial asset, i.e., 157 shares of Peoples' United Bank. The proceeds, I have been told, will be sent to me by mail to my P.O. Box no later than December 3, 2014.

"I hope that will be sufficient to remedy the problem. /s/ Robert M. Bloch"

On November 24, 2014, Judge Wilson issued a memorandum of decision on the defendants' motion to dismiss. After setting forth the law with regard to a motion to dismiss and § 52-185, the court stated that the plaintiff "has not obtained a recognizance as required by Practice Book §§ 8-3 and 8-4. Although the Practice Book [provides] that 'the validity of the writ and service shall not be affected unless the neglect is made a ground of a motion to dismiss'; Practice Book § 8-5 (a); the defendants here have exercised their right to file such a motion, and have done so in a timely and proper

manner claiming that the absence of the recognizance rendered service of process invalid. Where, as here, a proper motion to dismiss has been filed, Practice Book § 8-5 (b) provides that the court shall direct the plaintiff to file an appropriate recognizance within two weeks, and that if such recognizance is not thereafter timely filed, the plaintiff shall suffer dismissal. . . .

"Accordingly, the court hereby orders the plaintiff to file the statutorily required recognizance on or before December 8, 2014. The court further orders that if a proper recognizance is not filed by said date, then without further motion of the defendants or order of this court, this matter shall thereupon be dismissed due to insufficiency of process and the resulting lack of personal jurisdiction." In violation of the court order, the plaintiff failed to file the recognizance bond by December 8, 2014, and a judgment of dismissal was entered against the plaintiff on December 9, 2014.

Although the plaintiff has identified numerous purported reasons, including a snowstorm, attempting to excuse his failure to file the ordered recognizance; see footnote 2 of this opinion; the reasons he offers are not that he did not have the financial resources to file the recognizance, but that he was unable to comply timely with the court's order. The plaintiff argues that he should be excused from his failure to file the recognizance by December 8, 2014, because he sold his shares of stock on November 18, 2014, and received a check for the proceeds of the sale on December 1, 2014.[9] He argues that the proceeds of the sale were necessary to post a recognizance not only in the present case, but also in another action he had pending. If, as the plaintiff contends, the proceeds from the sale of his stock took longer to clear his account than he anticipated, the record does not disclose that he filed a motion for an extension of time in which to file the recognizance or a motion to set aside the judgment of dismissal when he had the money in hand. The second set of facts the plaintiff relies upon to excuse his failure to file the recognizance by December 8, 2014, in compliance with the court order, is that when he returned three complaints to the Superior Court on August 14 and 15, 2014, he "was not at all asked about or told by the court clerk that civil bonds could be an issue or would at all be required." He also asserts that once he became aware of the need to file a recognizance, no one in the courthouse could explain to him what he was required to do or how to do it.

The plaintiff's brief, however, provides no legal analysis of our rules of practice and § 52-185. As an appellate court, we are not in a position to find facts. We are required to resolve claims on appeal pursuant to the law and facts found by the trial court. Our resolution of the plaintiff's appeal is controlled by our review of the procedural history of the present case and the

relevant law.

We begin with the standard of review and the relevant legal principles governing the plaintiff's claim that the court improperly dismissed his cause of action. "A motion to dismiss . . . properly attacks the jurisdiction of the court . . . . A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to grant] . . . the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Harnage* v. *Lightner*, 163 Conn. App. 337, 342–43,    A.3d (2016). "The requirements under our statutes and rules of practice raise a question of law, to which we apply plenary review and settled rules of construction. See General Statutes § 1-2z (plain meaning rule) . . . ." (Citations omitted.) *Costello* v. *Goldstein & Peck, P.C.*, 321 Conn. 244, 252–53,    A.3d    (2016).

General Statutes (Rev. to 2013) §§ 52-185 and 52-186 are part of the controlling statutory scheme. In addition, Practice Book §§ 8-3 (a) and 8-4 (a) must be considered to resolve the claim in this appeal. See *Costello* v. *Goldstein & Peck, P.C.*, supra, 321 Conn. 246–47; *Harnage* v. *Lightner*, supra, 163 Conn. App. 347 n.5. Chapter 8 of our rules of practice also is pertinent to the question before us.

General Statutes (Rev. to 2013) § 52-185 (a) provides in relevant part: "If the plaintiff in any civil action . . . does not appear to the authority signing the process that the plaintiff is able to pay the costs of the action should judgment be rendered against him, the plaintiff shall enter into a recognizance to the adverse party with a financially responsible inhabitant of this state as surety, or a financially responsible inhabitant of this state shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute his action to effect and answer all costs for which judgment is rendered against him. . . ."

General Statutes (Rev. to 2013) § 52-186 (a) provides in relevant part: "The court, upon motion of the defendant or on its own motion, may order a sufficient bond to be given by the plaintiff before trial . . . . In determining the sufficiency of the bond to be given, the court shall consider only the taxable costs which the plaintiff may be responsible for under section 52-257 . . . ."

"Remedies for a failure to comply with the recognizance or certification requirements under § 52-185 (a) and Practice Book §§ 8-3 and 8-4; [see footnote 7 of this opinion]; are respectively provided in § 52-185 (d) and Practice Book § 8-5. The statute provides in relevant part: 'If there has been a failure to comply with the provisions of this section . . . the validity of the [summons] and service shall not be affected *unless the fail-*

*ure is made a ground of a plea in abatement* [*currently a motion to dismiss*]. If such plea in abatement is filed and sustained or if the plaintiff voluntarily elects to cure the defect by filing a bond, the court shall direct the plaintiff to file a bond to prosecute in the usual amount. Upon the filing of the bond, the case shall proceed in the same manner and to the same effect as to rights of attachment and in all other respects as though the failure had not occurred. . . .' " (Emphasis added.) *Costello* v. *Goldstein & Peck, P.C.*, supra, 321 Conn. 253.

"Practice Book § 8-5 provides in relevant part: '(a) When there has been a failure to comply with the provisions of [§§] 8-3 and 8-4; the validity of the [summons] and service shall not be affected *unless the neglect is made on a ground of a motion to dismiss.*

" '(b) If the judicial authority, upon the hearing of the motion to dismiss, directs the plaintiff to file a bond to prosecute in an amount deemed sufficient by the judicial authority, the action shall be dismissed unless the plaintiff complies with the order of the judicial authority within two weeks of such order.

" '(c) Upon the filing of such bond, the case shall proceed in the same manner and to the same effect as to rights of attachment and in all other respects as though the neglect had not occurred. . . .' " (Emphasis added.) Id., 253–54.

"In considering the scope and application of these remedial provisions, we are mindful that [i]t is our expressed policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Internal quotation marks omitted.) Id., 254; see also *Boyles* v. *Preston*, 68 Conn. App. 596, 603, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 583 (2002).

The language of §§ 52-185 and 52-186 is clear and unambiguous as applied to the plaintiff; he was required to post a recognizance bond when returning his process. The defendants here alerted the plaintiff to his failure to file a recognizance bond and requested that he do so. The defendants subsequently filed a motion to dismiss the action grounded on the plaintiff's failure to post a recognizance bond. See Practice Book § 8-5 (a). In response to the defendants' motion to dismiss, the plaintiff voluntarily offered to correct his error by filing a recognizance bond. Following a hearing on the motion

to dismiss, the court ordered the plaintiff to file a recognizance bond within two weeks, that is, by December 8, 2014.[10] The court also ordered that if the plaintiff failed to file a recognizance, a judgment of dismissal shall enter without further motion of the defendants or order of the court.

On appeal, the plaintiff does not claim that the court failed to adhere to the statutory recognizance scheme in effect at the time or to the rules of practice. His claim on appeal is that his failure to file the recognizance should be excused for extraneous reasons. Unlike the trial court in *Costello*, which failed to give the plaintiff an opportunity to file a bond; *Costello* v. *Goldstein & Peck, P.C.*, supra, 321 Conn. 251; the present record discloses that the court conscientiously complied with the dictates of the statutes and the rules of practice. The court ordered the plaintiff, who volunteered to provide a recognizance bond, to file the recognizance within two weeks. The reasons proffered by the plaintiff; see footnote 2 of this opinion; are insufficient to reverse the judgment dismissing his cause of action.[11]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Since the time the plaintiff commenced the present action and the trial court ruled on the defendants' motion to dismiss, General Statutes (Rev. to 2013) § 52-185 has been amended, effective October 1, 2015. See Public Acts 2015, No. 15-85, § 14. Because the current revision of the statute is substantively different from its previous revision and was not in effect at the time that the trial court decided the motion to dismiss, we are required to undertake our analysis pursuant to the revision of the statute in effect at the time. See *Costello* v. *Goldstein & Peck, P.C.*, 321 Conn. 244, 252 n.8, A.3d (2016); *Harnage* v. *Lightner*, 163 Conn. App. 337, 339 n.2, A.3d (2016). All references in this opinion are to the 2013 revision of § 52-185.

[2] In his brief, the plaintiff set forth the following claims:

"1. The issue and the problem for me is the fact that a final date for payment of the bond had been set and I did not and could not meet it for the two reasons stated [at pages 4-8 and 9-14 of my brief]. The question is can the decision be reversed based on these two reasons?

"2. Also, it seems to be the case that there might not have been a full understanding of the situation on [the part of the trial court], which, had that not been the case, might not have resulted in the placement of the date, December 8, 2014, as the deadline. . . .

"3. There is also an issue, related to the discussion of the second reason . . . that the Practice Book in [§] 8-4 et al. and the . . . General Statutes [§§] 52-185 and 186 . . . are not at all or in any way clear as to exactly who or what constitutes a 'financially responsible inhabitant of the state' or a 'third party.' Also, there were no people that I could find, noted further in the brief, who were willing or able to inform me as to how the requirement could be met. People who work in the court, e.g., in the court service center, law library, or court clerk's office by rule or by policy or both are not allowed to 'act as an attorney.'

"4. When the official documents—i.e., the Practice Book and the Connecticut General Statutes—are not at all clear, as noted above . . . it becomes a huge problem to someone representing themselves pro se. This is because they cannot afford an attorney for the reason that they have run out of money due to the circumstances that bring them to court. Before the circumstances occurred, I indeed could have afforded a lawyer and would have very much wanted to have an attorney out of a very real fear of such circumstances as are happening here."

[3] We note that Practice Book §§ 8-3 through 8-7 have been amended to reflect the legislative changes in § 52-185. Because those amendments to the Practice Book do not take effect until January 1, 2017, we refer to the

current revision of the Practice Book.

[4] The defendants also claim that this court lacks jurisdiction over the plaintiff's appeal "by reason of the entry of judgment of dismissal" and the plaintiff's failure to file a timely appeal in this court. This court has jurisdiction to determine whether it or the trial court has jurisdiction. See *Gemmell* v. *Lee*, 42 Conn. App. 682, 684 n.3, 680 A.2d 346 (1996). A claim that an appeal is untimely is governed by Practice Book § 66-8 (motion to dismiss must be filed within ten days after filing of appeal).

[5] At the bottom of the form the plaintiff listed monthly income of $674, expenses of $828, and assets of $40,103, including real estate, stock, and $700 in his checking account. In response to the question asking how the applicant supports himself if he has zero total monthly income or expenses, the plaintiff stated: "My brother and sister-in-law help me out a bit."

[6] Presumably, the plaintiff's complaint sounds in legal malpractice, but that is not at all clear, as it is a wide-ranging, handwritten document. In their appellate brief, the defendants correctly point out that the complaint is in narrative form and otherwise fails to conform to Practice Book § 10-1 in that it is not a plain and concise statement of the material facts and does not consist of statements divided into consecutively numbered paragraphs, each stating a separate allegation.

[7] Practice Book § 8-3 (a) provides: "Except as provided below, if the plaintiff in any civil action is not an inhabitant of this state, or if it does not appear to the authority signing the process that the plaintiff is able to pay the costs of the action should judgment be rendered against the plaintiff, he or she shall, before such process is signed, enter into a recognizance to the adverse party with some substantial inhabitant of this state as surety, or some substantial inhabitant of this state shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute the action to effect, and answer all damages in case the plaintiff does not make his plea good; and no such recognizance shall be discharged by any amendment or alteration of the process between the time of signing and of serving it. (See General Statutes [Rev. to 2013] § 52-185 and annotations.)"

Practice Book § 8-4 (a) provides: "Except as provided below, in all actions wherein costs may be taxed against the plaintiff, no mesne process shall be issued until the recognizance of a third party for costs has been taken, unless the authority signing the writ shall certify thereon that he or she has personal knowledge as to the financial responsibility of the plaintiff and deems it sufficient."

[8] Practice Book § 8-7 provides: "No order for a bond for prosecution will be made by the judicial authority unless it be shown that the adverse party has been requested in writing to furnish the same and has refused such request or has failed to file a satisfactory bond within a reasonable time after the request was made."

[9] The plaintiff directs us to a copy of his Fidelity Investments account he included in the appendix of his brief. That document indicates that on December 2, 2014, a check in the amount of $975 was deposited in the account. Two checks were drawn on the account on December 4, 2014, one in the amount of $95 and another in the amount of $260. There is a handwritten notation next to the $260 entry stating: "This was for the bond paid in a timely manner in a related case, Robert M. Bloch vs The Law Office of Neil Crane."

[10] The court ordered the plaintiff to post a recognizance bond within two weeks approximately three months after the defendants requested by letter that he do so.

[11] The defendants also claim that, because the plaintiff alleged that they withdrew as his counsel in June, 2010, and he did not serve process until August, 2014, the plaintiff's action is barred by the statute of limitations, General Statutes § 52-577. A claim that a cause of action is barred by the statute of limitations is properly alleged as a special defense and may be resolved by a motion for summary judgment, but generally not by a motion to dismiss. See *Gianetti* v. *Connecticut Newspapers Publishing Co.*, 136 Conn. App. 67, 75, 44 A.3d 191, cert. denied, 307 Conn. 923, 55 A.3d 567 (2012).